IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MARSHALL CORREA,<br><br>    Plaintiff,<br><br>  v.<br><br>FIRESTONE COMPLETE AUTO CARE and SCOTT BOLLENGIER,<br><br>    Defendants.<br>_____/ | No. C 13-03123 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION<br>(Docket No. 5) |

Defendants Bridgestone Retail Operations, LLC, dba Firestone Complete Auto Care (BSRO) and Scott Bollengier move to compel arbitration. Having considered oral argument and the papers submitted by the parties, this Court GRANTS Defendants' motion to compel arbitration.

## BACKGROUND

BSRO instituted an Employee Dispute Resolution (EDR) Plan in 1995 as a means of resolving disputes between BSRO and its employees. Gallo Dec. ¶ 5. The EDR Plan specifies that it is "the exclusive, final and binding means by which Disputes can be resolved." Gallo Dec. ¶ 5, Ex. B, § 3. The EDR Plan is comprised of a two-step process: mediation and, if necessary, binding arbitration. Id. §§ 5,6. The EDR Plan specifies that mediation and arbitration are administered by the American Arbitration Association. Id. § 2(A).

On August 28, 2012, Correa filled out an application for employment with BSRO. Gallo Dec. ¶ 10, Ex. H. The application

contains a section titled, "Agreements and Acknowledgments by Applicant," in which applicants for employment with BSRO are advised of the existence of the EDR Plan. Id. In signing the employment application, applicants certify, "I agree that any legal dispute as defined in the Plan that may arise out of . . . any part of my employment or the termination of my employment will be subject to the mandatory mediation and binding arbitration provisions of the Plan[.]" Id. Applicants also certify, "I acknowledge that I have been given an opportunity to review the Plan itself." Correa signed the application form on the day he applied for the job. Gallo Dec. ¶ 15, Ex. J.

Since approximately 2008, newly hired employees at BSRO have been required to complete an "electronic on-boarding" process. Gallo Dec. ¶ 11. In this process, the employee must review a screen that offers a link to the full text of the EDR Plan; a statement acknowledging, "I have had an opportunity to review the booklet containing the EDR Plan"; and a statement agreeing to be bound by the EDR Plan and waiving any right to resolve disputes through any means not set forth in the EDR Plan. Id. ¶¶ 13-14. To complete this step of the process, the employee must click a button verifying the phrase, "I understand this agreement and will abide to this." Id. ¶ 15. According to BSRO's computer records, Correa completed the electronic procedure on September 21, 2012. Id., Ex. J.

Correa remained employed with BSRO for five months and was terminated on February 14, 2013.

2

LEGAL STANDARD

The Federal Arbitration Act (FAA) provides that agreements to submit disputes to arbitration are "valid, irrevocable and enforceable." 9 U.S.C. § 2. A party aggrieved by the refusal of another to arbitrate under a written arbitration agreement may petition the district court which would, save for the arbitration agreement, have jurisdiction over that action, for an order directing that arbitration proceed as provided for in the agreement. Id. § 4. See Bridge Fund Capital Corp. v. Fastbucks Franchise Corp., 622 F.3d 996, 1005 (9th Cir. 2010) (noting that the party seeking to compel arbitration bears the burden of proving the existence of a valid arbitration agreement by a preponderance of the evidence).

The FAA reflects a "liberal federal policy favoring arbitration agreements." AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1745 (2011)(citations and internal quotation marks omitted). A district court must compel arbitration under the FAA if it determines that: (1) there is a valid agreement to arbitrate; and (2) the dispute falls within its terms. Stern v. Cingular Wireless Corp., 453 F. Supp. 2d 1138, 1143 (C.D. Cal. 2006) (citing Chiron Corp. v. Ortho Diagnostic Sys., 207 F.3d 1126, 1130 (9th Cir. 2000)). The FAA "permits agreements to arbitrate to be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." Concepcion, 131 S. Ct. at 1746. The party opposing arbitration bears the burden of proving that the arbitration provision is

3

unconscionable. Arguelles-Romero v. Superior Court, 184 Cal. App. 4th 825, 836 (2010).

DISCUSSION

I.  Agreement to Arbitrate

Correa contends that he did not assent to arbitration. "[A] party seeking to invoke the FAA § 4 must make a prima facie showing that an agreement to arbitrate existed before the burden shifts to the party opposing arbitration to put the making of that agreement 'in issue.'" Blau v. AT&T Mobility, 2012 WL 10546, at *3 (N.D. Cal.)(citations omitted). "Once the burden has shifted to plaintiffs, they must 'unequivocally deny' the agreement." Id. (citations omitted). Correa alleges that, when he signed his application for employment, he only did so in order to complete his application. Correa additionally contends that he was not required to review the EDR Plan as part of completing the on-boarding plan, and therefore did not assent to arbitration.

The Court finds that Correa did not "unequivocally deny" the agreement to arbitrate. It is undisputed that Correa had an opportunity to review the EDR Plan during the electronic on-boarding process. Correa does not allege that he was denied an opportunity to review the terms to which he signed. Instead, Correa states that he did not realize he was being bound to them. As the court noted in Luafau v. Affiliated Computer Servs., Inc., 2006 WL 1320472, at *3 (N.D. Cal.), an agreement is "not unenforceable merely because Plaintiff allegedly did not see" it. Id. Accordingly, Defendants have made a prima facie showing that Correa agreed to arbitrate, and Correa has not met his burden to

4

"put the making of [the] agreement 'in issue.'" Blau, 2012 WL 10546, at *3.

II. Illegality under California and Federal Law

Under California law, an arbitration agreement is unenforceable if it is both procedurally and substantively unconscionable. Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal. 4th 83 (2000). Although both components must be present before a court will refuse to enforce a contract, a sliding scale applies: "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." Id. at 114.

A. Procedural Unconscionability

The procedural prong of the unconscionability analysis focuses on the circumstances surrounding the negotiation of the contract. Gatton v. T-Mobile USA, Inc., 152 Cal. App. 4th 571, 581 (2007). Specifically, procedural unconscionability can arise from oppression or surprise. Armendariz, 24 Cal. 4th at 114. "Oppression arises from an inequality of bargaining power which results in no real negotiation and an absence of meaningful choice." Bruni v. Didion, 160 Cal. App. 4th 1272, 1288 (2008) (internal quotations omitted). "Surprise involves the extent to which the supposedly agreed-upon terms of the bargain are hidden in the prolix printed form drafted by the party seeking to enforce the disputed terms." Id.

In Armendariz, the California Supreme Court found an arbitration contract to be procedurally unconscionable because it "was imposed on employees as a condition of employment and there

5

was no opportunity to negotiate." Armendariz, 24 Cal. 4th at 114-15.  The court explained that "the economic pressure exerted by employers on all but the most sought-after employees may be particularly acute, for the arbitration agreement stands between the employee and necessary employment, and few employees are in a position to refuse a job because of an arbitration requirement." Id.

Correa contends that the EDR Plan is procedurally unconscionable.  Here, the recent decision Chavarria v. Ralphs Grocery Company, No. 11-56673 (9th Cir. Oct. 28, 2013) counsels in his favor.  In Chavarria the Ninth Circuit held that the defendant's arbitration policy was procedurally unconscionable because (1) it was presented as a condition of employment and thus on a "take it or leave it" basis, and (2) the terms of the agreement were not provided until three weeks after employment began.  Chavarria, No. 11-56673, slip op. at 12-13.  Here, like Chavarria, Correa was confronted with an employment application that presented a mandatory arbitration provision as a condition of applying for the job.  Id. at 12. ("Chavarria could only agree to be bound by the policy or seek work elsewhere.  [The employer's] policy meets the standard under which we have previously found arbitration provisions in employment contracts to be procedurally unconscionable.").  This factor weighs in favor of finding procedural unconscionability.  See also Delmore v. Ricoh Americas Corp., 667 F. Supp. 2d 1129, 1136 (N.D. Cal. 2009)(finding procedural unconscionability because the agreement "was drafted by the party with superior bargaining strength, and was offered on a take-it-or-leave-it basis, with no opportunity for [plaintiff] to

6

negotiate its terms" and concluding that the agreement was procedurally unconscionable.).

However, the acknowledgment of the EDR Plan on the employment application was not hidden and appeared beneath a boldfaced, underlined heading of "Agreements and Acknowledgments by Applicant." Correa was given an opportunity to review the terms of the EDR Plan and declined to do so. Accordingly, the terms of EDR Plan did not constitute an unfair surprise to Correa. The Court finds the EDR Plan meets a threshold level of procedural unconscionability.

B.  Substantive Unconscionability

Under California law, a contract is enforceable no matter how great the degree of procedural unconscionability, unless it is also substantively unconscionable. Armendariz, 24 Cal. 4th at 114. Substantive unconscionability focuses on the harshness and one-sided nature of the substantive terms of the contract. A & M Produce Co. v. FMC Corp., 135 Cal. App. 3d 473, 486-87 (1982).

The Court finds minimal substantive unconscionability. The EDR Plan "applies to and binds the Company" to the bulk of its claims, including theft or conversion of retail party, trade libel, and breach of fiduciary duties. Gallo Dec., Ex. B-27, § 4(A). The EDR Plan's exclusion of workers' compensation and unemployment benefits does not render it substantively unconscionable, because such claims must be adjudicated through state administrative proceedings. See Dittenhafer v. Citigroup, 2010 WL 3063127 (N.D. Cal.) aff'd, 467 F. App'x 594 (9th Cir. 2012)("The exclusion of workers' compensation and unemployment claims from the claims that must be submitted to arbitration does

7

not make the agreement one-sided, as those are claims that normally must be adjudicated via a state administrative proceeding with specific requirements."). Correa is correct that the EDR Plan is not fully bilateral due to its exclusion of trade secret and non-compete claims. However, because business justification exists for those exclusions, the Court finds that the substantive unconscionability is minimal. See Steele v. Am. Mortgage Mgmt. Servs., 2012 WL 5349511, at *8 (E.D. Cal.)(concluding that business justification exists for exclusion of trade secret and non-compete claims, because the "resolution of such claims has the potential of substantially impacting the rights of third parties").

Under California law, the greater the procedural unconscionability, the less substantive unconscionability is required. Here, because the EDR Plan is minimally substantively unconscionable and minimally procedurally unconscionable, Correa's showing of unconscionability is not sufficient to render the agreement unenforceable.

III. Stay of the Judicial Proceedings

Pursuant to 9 U.S.C. § 3, the Court shall order a stay of judicial proceedings "pending compliance with a contractual arbitration clause." Martin Marietta Aluminum, Inc. v. Gen. Elec. Co., 586 F.2d 143, 147 (9th Cir. 1978). The FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States on any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such

8

>   suit or proceeding is referable to arbitration under
>   such an agreement shall on application of one of the
>   parties stay the trial of the action until such
>   arbitration has been had in accordance with the terms of
>   the agreement, providing the applicant for the stay is
>   not in default in the proceeding with such arbitration.

9 U.S.C. § 3.  Accordingly, the Court STAYS these judicial proceedings pending the outcome of any arbitration.

## CONCLUSION

The Court GRANTS Defendants' motion to compel arbitration. The case is stayed pending arbitration, which must be diligently pursued.  Nothing contained in this Order shall be considered a dismissal or disposition of this action, and, should further proceedings in this litigation become necessary or desirable, any party may move to restore the case to the Court's calendar.

This Order terminates Docket Nos. 5 and 9 and administratively terminates this action.

IT IS SO ORDERED.


Dated:  11/25/2013                  _____
                                    CLAUDIA WILKEN
                                    United States District Judge